1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    XAVIER S. WILLIAMS,

11                Petitioner,                    No. CIV S-12-0899 CKD

12          vs.

13    L. S. McEWEN,

14                Respondent.               ORDER

15    _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18    pauperis.  Plaintiff has also filed a motion to stay this action pending state court of exhaustion

19    claims and a motion to appoint counsel.  (Dkt. Nos. 2, 7.)

20          Examination of the in forma pauperis application reveals that petitioner is unable

21    to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

22    granted.  See 28 U.S.C. § 1915(a).

23    I.  Motion to Stay

24          Petitioner seeks federal habeas relief concerning his 2008 conviction for second

25    degree murder and related firearm offenses, for which he was sentenced to a term of seventy-two

26    years to life in state prison.  (Dkt. No. 5 (Ptn.) at 1, 102-103.)  He asserts nine claims challenging

1

1   the constitutionality of his trial.  Pending before the court is petitioner's April 6, 2012 motion to

2   stay the petition until he exhausts Claims 1-7 in the California Supreme Court.  (Dkt. No. 2.)

3   Apparently those claims are pending before the Supreme Court, which has yet to rule on them.

4   Petitioner previously exhausted Claims 8 and 9 of the instant petition.  (Id. at 1-5; see also Ptn.,

5   Ex. H (petition to state supreme court).)

6           The exhaustion of state court remedies is a prerequisite to the granting of a

7   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

8   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

9   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

10  providing the highest state court with a full and fair opportunity to consider all claims before

11  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

12  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

13          Under Rhines v. Weber, 544 U.S. 269, 277-279 (2005), the court may stay a

14  mixed petition containing both exhausted and unexhausted claims pending exhaustion of the

15  unexhausted claims if petitioner shows that (1) the unexhausted claims are potentially

16  meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies.

17  Here, the court need not reach whether Claims 1-7 have potential merit because petitioner has

18  made no attempt to show good cause for failing to exhaust state remedies as to these claims.  In

19  his motion, he states that these claims are in the process of being exhausted, but does not explain

20  why he did not raise them earlier in the state courts along with Claims 8-9.  Accordingly, the

21  court will deny petitioner's motion to stay and abey without prejudice to his filing a Rhines

22  motion that addresses the good cause requirement.

23          Going forward, petitioner has two options.  Within thirty days petitioner may (1)

24  file an amended habeas application omitting all claims except those claims which have been

25  \\\\\

26  \\\\\0

2

presented to and rejected by the California Supreme Court[1]; or (2) file a renewed motion to stay

this action pending the exhaustion of state court remedies with respect to Claims 1-7.  To be

entitled to a stay, petitioner must show good cause for his failure to exhaust earlier.  Rhines,

supra, 544 U.S. 269.  Petitioner's failure to comply with one of these alternatives within thirty

days will result in a recommendation that this action be dismissed.

II.  Motion for Appointment of Counsel

Petitioner has also requested the appointment of counsel.  (Dkt. No. 7.)  There

currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius

v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the

appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule

8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the

interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Petitioner's motion to proceed in forma pauperis is granted;

2.  Petitioner's April 6, 2012 motion to stay (Dkt. No. 2) is denied without

prejudice to renewal; and

3.  Petitioner is granted thirty days within which to inform the court how he

wishes to proceed in this matter by choosing one of the alternatives described above.  If

petitioner fails to so inform the court within thirty days, the court will recommend that this action

be dismissed without prejudice.

////

////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-year limitations period will start to run on the date on which the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking direct review, although the limitations period is tolled while a properly filed application for state post-conviction or other collateral relief is pending.  28 U.S.C. § 2244(d).

1      4.  Petitioner's May 2, 2012 motion to appoint counsel (Dkt. No. 7) is denied

2  without prejudice to renewal at a later point in the proceedings.

3   Dated: May 22, 2012

4                                                    _____
                                                     CAROLYN K. DELANEY
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7
   2
8  will0899.stay

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26